UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID CZOPEK, CHRISTOPHER
KNOTT, DAVID EASLICK and
JONATHAN RED,

    Plaintiffs,

v.                                    Case No: 8:14-cv-675-T-36TBM

TBC RETAIL GROUP, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon the Defendant's Motion to Strike Plaintiffs' Untimely Notice of Filing Declarations in Support of Plaintiffs' Opposition to Defendant's Motion to Compel and the Declarations and Motion for Sanctions (Doc. 49), and Plaintiffs' response thereto (Doc. 59). The Court, having considered the motion and being fully advised in the premises, will grant in part and deny in part Defendant's Motion to Strike Plaintiffs' Untimely Notice of Filing Declarations in Support of Plaintiffs' Opposition to Defendant's Motion to Compel and the Declarations and Motion for Sanctions.

**I.**     **Background**

On July 28, 2014, Defendant filed its Motion to Compel Arbitration for Opt In Plaintiffs Sharpe and McClelland with Incorporated Memorandum of Law (Doc. 16) ("Motion to Compel Arbitration"). Pursuant to Federal Rule of Civil Procedure ("Rule") 4 Plaintiffs response to Defendant's Motion to Compel Arbitration was due on or before August 11, 2014. Plaintiffs failed to meet this deadline. On August 18, 2014, this Court issued an Order notifying Plaintiffs that they failed to respond to the Motion to Compel Arbitration. The Court provided Plaintiffs up to and

including August 25, 2015 to file their response, even though Plaintiffs did not request an extension of time to respond from the Court. On August 19, 2014, Plaintiffs filed their Response in Opposition to Defendant's Motion to Compel Arbitration and Motion for Corrective Action and Incorporated Memorandum of Law (Doc. 24).  The Court then set a hearing on the Motion to Compel Arbitration for Monday, September 29, 2014.

On Friday, September 26, 2014 at almost 5:00 p.m., Plaintiffs filed their Notice of Filing Declarations in Support of Plaintiffs' Opposition to Defendant's Motion to Compel Arbitration with nine Declarations attached thereto (Doc. 48). The declarations had all been signed on or before September 17, 2014. Later in the evening on September 26th Defendant filed the instant motion seeking to strike those declarations and requesting sanctions.

At the hearing on September 29, 2014, the Court also heard arguments on the instant Motion to Strike.  At that hearing, the Court ruled that the declarations would not be considered because they were filed without leave of court in violation of Local Rule 3.01(c). However, no determination was made on Defendant's request for sanctions. After obtaining leave from this Court, Plaintiffs filed a response to the Motion for Sanctions on October 17, 2014. *See* Doc. 59.

**II.     Discussion**

Defendant seeks sanctions pursuant to 28 U.S.C. § 1927 ("Section 1927") in the form of attorneys' fees and costs related to the September 29th hearing and having to file the instant Motion. See Doc. 49 at p. 6-7. Section 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Prior to imposing sanctions under § 1927, three (3) conditions must be met: (1) the conduct must be unreasonable and vexatious; (2) the unreasonable and vexatious conduct

2

must multiply the proceedings; and, (3) the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct." *Smith v. Grand Bank & Trust of Fla.,* Case No. 04-80343-Civ-Hurley/Hopkins, 2005 WL 6106148, 8 (S.D. Fla. Apr. 26, 2005) (citing *Schawartz v. Million Air, Inc.,* 341 F.3d 1220, 1225 (11th Cir. 2003); *Smartt v. First Union Nat'l Bank,* 245 F. Supp. 2d 1229 (M.D. Fla. 2003); *Torres v. City of Orlando*, 264 F. Supp. 2d 1046, 1053 (M.D. Fla. 2003)).

Defendant argues that Plaintiff's counsel should have produced these declarations, in response to discovery requests, three weeks earlier. Defendant served Plaintiffs with its First Set of Interrogatories, First Request for Production of Documents and First Set of Admissions on June 10, 2014. Responses to those requests were served by Plaintiffs on July 18, 2014. Defendant asserts that the declarations filed on September 26, 2014 are responsive to these discovery requests and should have been produced at least a week before they were filed with the Court. However, Defendant has not identified the specific request(s) it believes the declarations were responsive to, so the court cannot determine if the documents should, in fact, have been produced.

Defendant has not shown that Plaintiffs' counsel was unreasonable and vexatious in filing these declarations. "The conduct was possibly negligent, but negligence is not enough to award fees against counsel under 28 U.S.C. § 1927." *Glenn J. Weber, P.A. v. Esquire Deposition Servs., LLC*, Case No. 09-21538-CIV-HUCK/O'SULLIVAN, 2010 WL 2542002, 3 (S.D. Fla. June 3, 2010). Moreover, Defendant has not suffered any prejudice as a result of the filings. Discovery in this action does not end until September 10, 2015 (*see* Doc. 14 at ¶ 5), so there is time for Defendant to conduct additional discovery based on any information contained in the declarations. The declarations were not considered at the hearing, so there is no prejudice there either. Accordingly, it is

**ORDERED that**:

1. Defendant's Motion to Strike Plaintiffs' Untimely Notice of Filing Declarations in Support of Plaintiffs' Opposition to Defendant's Motion to Compel and the Declarations and Motion for Sanctions (Doc. 49) is GRANTED in part and DENIED in part; and

2. Plaintiffs' Notice of Filing Declarations in Support of Plaintiffs' Opposition to Defendant's Motion to Compel and the attached declarations (Doc. 48) are hereby STRICKEN.

**DONE AND ORDERED** in Tampa, Florida on April 21, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any